**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KIMBERLY WELLS,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:05-cv-1312-Orl-31DAB**

**KIST ALF, INC.,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR DEFAULT JUDGMENT (Doc. No. 11)**
>
> **FILED:** December 28, 2005
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

Plaintiff moves for entry of final default judgment against her former employer. According to the Complaint and her Affidavit, Plaintiff sued Kist Alf, Inc. regarding non-payment of wages and overtime compensation for work performed from May 2005 to June 2005, calculated by Plaintiff to be $1,494.40, plus liquidated damages in like amount, for a total of $2,988.80. Plaintiff also seeks an award of $3,690.00 in attorney's fees (calculated as 12.3 hours multiplied by an hourly rate of $300.00) and costs in the amount of $305.00. For the reasons set forth herein, it is **respectfully**

**recommended** that final judgment be entered against Defendant in the total amount of $2,988.80, plus $2,500.00 for attorney's fees. Costs should be taxed as a matter of course, following entry of judgment.

The record indicates that, following service of process on the purported registered agent of the corporate Defendant, no answer or other paper was timely filed on Defendant's behalf. The Clerk subsequently entered a default, on Plaintiff's motion. The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-plead in the complaint, it is established by the entry of a default. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston National Bank,* 515 F. 2d 1200, 1206 (5th Cir. 1975). If the amount of damages sought are not specified in the complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Rule 55(b)(2), Federal Rules of Civil Procedure.

Here, Plaintiff offers an Affidavit attesting to her employment, and the amounts due. Absent objection by the defaulting defendant, the Court accepts the sworn statement as to the unpaid wages due. As a default admits the well-pled allegations, Defendant has admitted that it is an enterprise covered by "FLSA" (Allegation 5 of the Complaint), and that it "wilfully failed" to properly pay and "deliberately underpaid" wages to Plaintiff (Allegations 11, 12, 17, 23 and 24). In Affidavit summarized above, Plaintiff established the hours worked, the wages owed, and the fact that she was, indeed, not paid for all of her work. Thus, Plaintiff has established her entitlement to an award of

damages and liquidated damages, pursuant to the Fair Labor Standards Act (29 U.S.C.A. § 201, *et seq.,* herein "the FLSA").[1]

In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also*, *Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases.") Here, current counsel contends that he spent 12.3 hours at $300.00 per hour, prosecuting this case. Although Plaintiff has prevailed and is therefore entitled to attorney's fees, any such award must be reasonable. The Court does not find the amount of hours charged nor the hourly rate to be reasonable, considering the very minimal record activity and the nature of the work performed.

According to the billing sheet, counsel spent time on matters that did not advance the case, such as preparing a case management report *prior* to execution of service of process,[2] as well as preparing a proposed final default judgment, which was not requested, filed or utilized by the Court. Considering the lack of any contested matters, settlement negotiations or court proceedings, and the fairly ministerial nature of obtaining a default judgment, the amount of hours charged is not warranted.

---

[1]Although the Complaint also asserts a cause of action for recovery of minimum wages under the Florida Constitution, the motion appears to address only the FLSA count.

[2]The local rules provide that the Report be completed following a meeting of counsel or unrepresented parties *after* service of the Complaint. Local Rule 3.05(c)(2)(B). Here, Defendant made no appearance. Thus, no case management meeting occurred and no Report should have been generated.

The hourly rate is also excessive, considering the task at hand. The record reflects a remarkably straightforward case, requiring no particular level of expertise above and beyond that expected of any member of this bar. Courts in this district and division routinely award between $150 and $250 an hour for similar work in FLSA cases, and Mr. Cellar provides no evidence as to why he should be compensated at a higher rate. An award of $250 an hour for 10 hours work is reasonable.

It is therefore **respectfully recommended** that judgment be entered for Plaintiff in the amount of $2,988.80, plus $2,500.00 for attorney's fees. Costs should be taxed by filing a Bill of Costs with the Clerk in the normal course, as prescribed by the Federal Rules of Civil Procedure.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 4, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy